BOARD OF ASSESSORS OF ANDOVER vs. ANDREW M. INNES.

Suffolk.  October 10, 1985. — January 16, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Evidence*, Value, Expert opinion. *Value*.

The Appellate Tax Board correctly excluded from evidence an expert wit-
ness's written appraisal report respecting a certain parcel of real property
and, on motion, struck his testimony as to the parcel's value, where the
witness did not testify as to any direct personal knowledge of the subject
property or state his opinion of value in response to a hypothetical
question which assumed the existence of facts in evidence, but had
merely based his opinion upon economic rent determined from the market.
[565-566]

APPEAL from a decision of the Appellate Tax Board.

*Joseph F. Dalton & Albert S. Conlon* for the taxpayer.

*Alfred L. Daniels* for the Board of Assessors of Andover.

O'CONNOR, J. The board of assessors of Andover (assessors)
appeals from a decision of the Appellate Tax Board (board)
granting Andrew M. Innes (taxpayer) an abatement of real
estate taxes for fiscal year 1984. On appeal, the assessors
attack the board's decision to strike the testimony of their
expert. There was no error.

The board could have found the following facts. The property
in question is a one-story building situated on 1.46 acres of
land in Andover. The building has been leased to the Howard
Johnson Company (Howard Johnson) for use as a restaurant
since 1963. The original lease to Howard Johnson, a twenty-
year lease with two five-year options, provided for a minimum
guaranteed annual rent of $16,000, plus a specified percentage
of sales. In 1975, the taxpayer and Howard Johnson entered
into an agreement providing for the conversion of the premises
into a Ground Round restaurant. In addition to providing for
the building's conversion, the agreement stated that the term of
the original lease would terminate on June 25, 1985. However,

the agreement also granted Howard Johnson an option to enter into a new five-year lease with an automatic five-year extension upon the termination of the original lease. It was agreed that this new lease would contain the same terms as the original lease except that the minimum guaranteed annual rent would be increased to $25,000.

At the hearing before the board, the assessors presented one witness, Francis E. Ryan. The taxpayer stipulated to and the board accepted Ryan's qualifications to testify as an expert. On direct examination, Ryan testified that he used the capitalization of income approach to arrive at the value of the property for the 1984 fiscal year. Ryan stated that he "went into the market" to determine an economic rent because, in his opinion, "$16,000 a year did not reflect market rent as of January 1, 1983." After stating that he determined economic rent from the market, Ryan offered an opinion of value of $447,700.[1] After the taxpayer cross-examined Ryan, the assessors offered to introduce Ryan's written appraisal report in evidence. The taxpayer objected to the introduction of the report, and the board excluded it. The taxpayer then moved to strike Ryan's testimony. The board took the motion under advisement but stated in its decision granting the taxpayer an abatement of real estate taxes that it had allowed the motion.

The assessors argue that it was error for the board to strike Ryan's testimony. According to the assessors, Ryan's testimony on direct examination was sufficient to allow him to give an opinion of value. We disagree. For the opinion of an expert to be admissible, "an expert must have some knowledge of the particular facts to enable him to bring his expertise to bear." *General Elec. Co.* v. *Assessors of Lynn,* 393 Mass. 591, 601 (1984). For an expert's opinion as to value to be helpful, it must be based on facts of which the expert has direct personal knowledge or on facts in evidence which the expert has assumed pursuant to a hypothetical question, or on some

[1] For fiscal year 1984, the assessed value of the property was $444,200. The taxpayer presented the testimony and written report of an expert real estate appraiser, which placed the fair market value of the property at $264,200. The board found the fair market value to be $312,100.

combination of these sources. *Commonwealth* v. *Russ,* 232 Mass. 58, 73 (1919). Ryan failed to testify as to any direct personal knowledge of the subject property itself, and he did not state his opinion of value in response to a suitable hypothetical question. Therefore, the board was warranted in striking Ryan's opinion of value.[2]

*Decision of the Appellate Tax Board affirmed.*

---

[2] We decline to award costs, as requested by the taxpayer, under Mass. R. A. P. 25 or 26, as amended, 378 Mass. 925 (1979).